Shauck, J.
 

 The ground upon which Black challenges the validity of the judgment against him is brought into plain view by his demurrer to the petition. It is alleged in the petition that the original contract was executed between Albery, Sagar and Condit, doing business as partners under the name of the Groveport Creamery Company, of the first part, and Thompson of the second part. It was by writing endorsed upon that contract that Black assumed or proposed to assume the liability of surety for. Thompson, and his undertaking was to the parties of the first part therein. It is further alleged that after the making of the contract, but before April 1, when by its terms its execution was to commence and before any credit had been given to Thompson in reliance upon Black’s undertaking' as surety for him, Condit assigned to Albery and Sagar his en
 
 *243
 
 tire interest in the property and business of the firm, including his interest in the contract. The suit is brought by Albery and Sagar, and their petition not only admits the dissolution of the firm by the assignment of Condit’s interest but counts upon it as dispensing with the necessity for his joining in the action. The essential theory of the case presented by the original plaintiffs, therefore, is that in a contract of suretyship, without the surety’s consent, a substantial change has been effectively made in the parties adversary to him. In view of the ancient character and frequently recurring relation of surety, it is quite natural that in the reported cases are found many elementary principles of the law, relating to the liability of sureties and the cases illustrating and applying them, from which tests of the soundness of, this view may be derived. The rules by which the surety’s liability is determined have regard to the fact that usually he derives no benefit from the transaction and he is bound only because he has agreed to become bound, there being present no fact which would tend to raise an implied obligation. It is required that his undertaking be in writing. Since he is bound only because he has agreed to be bound, it logically results that he is bound only as he has agreed to be bound. From these ánd other like considerations there have been formulated and approved certain suggestive precepts respecting the surety’s obligation: The surety is the favorite of the law; the surety is entitled to stand upon the letter of his obligation; the surety’s defense is complete whenever he may say, “Into this contract I did not enter.” It is
 
 *244
 
 a subject of frequent observation that the differences between opposing counsel do not relate to the soundness of legal propositions so much as their applicability to the case under consideration. Many of the propositions made and the authorities cited in the briefs for the defendants in error may be disposed of by excluding from consideration attributes which do not belong to the present case. It is not a case for recovery upon the assignment of a claim which had accrued upon a contract executed before its assignment. It does not concern the meaning of the terms used in a contract of suretyship into which the parties to the suit have confessedly entered. Nor does the case present the considerations which determine the liability of a surety upon a negotiable instrument accepted by the payee, thus having the operation and effect intended by the surety. Nor can Black’s undertaking be likened to a genera! letter of credit.
 

 The reference to letters of credit is, however, appropriate because they have been the foundation of many interesting cases upon the subject of the liability of sureties. Counsel seem to agree that guaranties and letters of credit are special or general. If a letter of the former character is accepted and acted upon by the person to whom it is addressed, the undertaking of the surety is complete. If the acceptance is by another, or by part only of those to whom the letter is addressed, there arises no contractual relation, for it is the right of one who contemplates assuming the obligation of a surety to determine not only for whom, but also to whom he will become bound. If in the
 
 *245
 
 present instance Black had addressed a letter of credit to the three parties of the first'part offering to become bound for the payment of a balance which might become due from Thompson, and his letter had been accepted and acted upon by two of them, but not by the third, would there be a contract of suretyship between Black and the two acceptors? In the .courts below it was not perceived, nor is it here, why Black should choose to be bound to the three parties rather than to two of them, but the admonition recurs, the surety is bound only according to the terms of his contract without being answerable to any one for the reasons which induced him to select its terms. Numerous and interesting cases show that the surety may not be held otherwise, even though the obligation upon which it is sought to charge him is not more onerous than that upon which he became bound or offered to become bound.
 

 In
 
 Grant
 
 v. Naylor, 4 Cranch, 224, a recovery was denied to John and Jeremiah Naylor & Company on a letter of credit addressed by the maker to John and Joseph Naylor & Company,' although it was shown that there was no such house as that addressed. In the opinion the chief justice said: “That the letter was really designed for John and Jeremiah Naylor cannot be doubted, but the principles which require that a promise to pay the debt of another shall be in writing, and which will not permit a written contract tov be explained by parol testimony, originate in a general and wise policy, which this court cannot relax so far as to except from its operation cases within the principles.” A surety upon a promissory note may interpose as
 
 *246
 
 a- defense against a holder, who has knowledge of the fact that it was the intention of the parties that it should be discounted by a bank where it wias made payable, that the note after being rejected by that bank was endorsed and put into circulation contrary to the intention of the parties. 'Numerous decisions of this court illustrate the scope and force of the rule that the surety is entitled to stand upon the letter of his undertaking, including his designations of the persons who may become his creditors.
 
 Stone
 
 v.
 
 Vance, 6
 
 Ohio, 246;
 
 Taylor
 
 v.
 
 Wetmore,
 
 10 Ohio, 490;
 
 Clinton Bank
 
 v.
 
 Ayres & Neil,
 
 16 Ohio, 283;
 
 Knox County Bank
 
 v.
 
 Lloyd’s Admrs.,
 
 18 Ohio St., 352.
 

 The law is a technical science, and since it is the duty of the courts to administer justice according to the law with reference to which the parties are conclusively presumed to have conducted their transaction, a surety who invokes the protection afforded him by established rules should not be denied that protection upon the ground that his defense is technical. Justice administered according to the peculiar views respecting the natural rights of litigants which may be entertained by persons, who for the time being are engaged in the exercise of judicial functions, would not afford a secure foundation for civil institutions. This case seems clearly to be brought within the principles already stated, and within the decisions cited, by the consideration that in legal effect Black’s formal guarantee endorsed upon the original contract was never accepted or acted upon by the three parties to whom he had offered to become bound, and to whom he would have been
 
 *247
 
 bound if they had accepted and acted upon his offer.
 

 These views lead to the approval of
 
 Schoonover
 
 v.
 
 Osborne Brothers,
 
 108 Ia., 453, which differs in no substantial aspect from the present case. The very careful and analytical opinion of Deemer, Judge, in that case collects and classifies many other authorities upon the subject presented and shows that the reasoning upon which the present judgment is sought to be sustained is fallacious.
 

 Judgment reversed and demurrer to the petition sustained.
 

 Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.