Allen, J.
 

 As the question arises upon demurrer, the well-pleaded facts alleged in the petition must be taken to be true.
 

 The relator is incorporated under the laws of the state of Indiana, and maintains in Indiana the deposit required under Section 9510-7, General Code (110 Ohio Laws, 8), if such enactment applies to foreign insurance companies which were admitted to do business in this state prior to such enactment.
 

 The material portion of the decision of the superintendent of insurance upon the application to withdraw the deposit is as follows:
 

 “This matter came on to be heard upon the application of Continental Casualty Company filed herein July 15, 1927, and the evidence in support thereof. On consideration whereof the superintendent of insurance finds that proper publication of notice by said company of the pendency of its application to withdraw from Ohio its securities now deposited with the superintendent of insurance under Section 9510, General Code of Ohio, has been in * *
 
 *
 
 three newspapers of general circulation in this state, for six weeks prior to September 1, 1927.
 

 “The superintendent of insurance finds from the evidence submitted that all liabilities and obligations on policies issued in the state of Ohio prior to the effective date of the act of March 22, 1923, to wit, July 4, 1923, have been fully paid and extinguished, and that there are now no outstand
 
 *415
 
 ing claims or liabilities, either in suit or otherwise, pending against policy contracts of said company issued in Ohio prior to July 4, 1923; and that said Continental Casualty Company maintains in the state of Indiana, under the laws of which state said company is incorporated, a deposit of $500,000 in securities in which said company is permitted to 'invest its assets by the laws of said state for the benefit and security of all its policyholders.
 

 “The superintendent of insurance finds, however, that Section 9510, paragraph 2, General Code of Ohio, which provides in part: ‘But a company of another state, territory, district or country admitted to transact the business of indemnifying employers and others, in addition to any other deposit required by other laws of this state, shall deposit with the superintendent of insurance for the benefit and security of all its policyholders, fifty thousand dollars in bonds, * * * ’ requires that said deposit be maintained for the benefit and security of all the policyholders of the company, and said application is therefore denied.”
 

 The relator contends that, under Section 9510-7, General Code, as enacted March 22, 1923 (110 Ohio Laws, 3), the statutory requirement theretofore existing that the relator must maintain a deposit of $50,000 of bonds with the superintendent of insurance of Ohio was modified, and that the relator now is relieved of the necessity of maintaining a special deposit in this state, since it maintains in its domiciliary state a general deposit of the amount required under Section 9510-7. This deposit posted with the superintendent of insurance
 
 *416
 
 of Indiana is for the benefit of all of the company’s policyholders, including its policyholders in Ohio.
 

 Section 9510, General Code, in the portions material to this decision, reads as follows :
 

 “A company may be organized or admitted under this chapter to: * * *
 

 “2.
 
 * * * Make insurance to indemnify employers against loss or damage for personal injury or death resulting from accidents to employes or persons other than employes and to indemnify persons and corporations other than employers against loss or damage for personal injury or death resulting from accidents to other persons or corporations. But a company of another state, territory, district or country admitted to transact the business of indemnifying employers and others, in addition to any other deposit required by other laws of this state, shall deposit with the superintendent of insurance for ■ the benefit and security of all its policyholders, fifty thousand dollars in bonds of the United States or of the state of Ohio, or of a county, township, city or other municipality in this state, which shall not be received by the superintendent at a rate above their par value. The securities so deposited may be exchanged from time to time for other securities. So long as such company continues solvent and complies with the laws of this state it shall be permitted by the superintendent to collect the interest on such deposits.”
 

 The act of March 22, 1923 (110 Ohio Laws, 3), including the title, in the portion material to this decision, is as follows:
 

 “An act to provide that an insurance company
 
 *417
 
 required by Section 9510, General Code, to deposit $50,000 of bonds in this state may, in lieu thereof, deposit $100,000 in its own state, and permitting domestic companies to make deposit in this state when required by law of another state.
 

 “Be it enacted by the General Assembly of the State of Ohio:
 

 “Section 1. An insurance company which is required by the provisions of paragraph two of Section 9510, General Code, to deposit fifty thous- and dollars of bonds with the superintendent of insurance may, in lieu of such deposit, make a deposit of one hundred thousand dollars, in securities in which the company may be permitted to invest its assets by the laws of the state in which it is incorporated, with the superintendent of insurance or other officer of another state designated or permitted by the laws of such state to receive such deposit, for the benefit and security of all its policyholders. When the superintendent of insurance of this state is satisfied by the certificate of such superintendent of insurance or other officer of such other state that such deposit has been made as provided herein, he shall accept such certificate in lieu of the deposit required of such company by paragraph two of Section 9510, General Code, and such company shall not then be required to maintain the deposit in this state provided for in said paragraph two of Section 9510.
 

 “Section 4. Any deposit so ¡made may be withdrawn by the company when .the superintendent, upon examination of the books of the company and affidavits of its principal officers and' other
 
 *418
 
 evidence, is satisfied and shall certify that all the obligations and liabilities which the deposit was made to secure have been paid or extinguished.”
 

 In this case a solvent corporation is asking to withdraw its deposit made in 1918, prior to the enactment of March 22, 1923, above quoted. The superintendent of insurance holds that the act of 1923 was not effective to relieve the companies, doing business in the state at the time the act was passed, of the obligation to maintain such deposits. The relator urges that, if this view be upheld, the act is discriminatory; but we do not consider that aspect of the question, for we think Section 1 of the enactment of March 22, 1923 (Section 9510-7, General Code), expressly relieves foreign companies doing business in the state at the time the act was passed of the obligation to maintain their deposits theretofore posted. No case authority exists, nor is necessary, to demonstrate the correctness of this proposition. The very language of the act compels such a conclusion. The title of the act states that its purpose is to permit an insurance company required by Section 9510, General Code, to deposit $50,000 of bonds in this state * * * “in lieu thereof” to “deposit $100,000 in its own state. ’ ’
 

 The provision, in substance, follows that, when the superintendent of insurance is satisfied, by proper certificate, that the proper deposit in the home state has been made, he shall accept such certificate in lieu of the deposit required to be made under paragraph 2 of Section 9510 in the state of Ohio, and such company shall not then be required to
 
 “maintain such deposit”
 
 in this state.
 

 
 *419
 
 If the Legislature had not had this precise situation in mind, namely, the situation where a foreign casualty company had prior to the enactment of March 22, 1923, made a deposit of securities of the value of $50,000, which it still maintains, as well as cases of such deposits to be made thereafter, it hardly would have used the words “required to maintain” a deposit in this state.
 

 Testing the proposition from another angle, if an insurance company were to claim that, having made this deposit under paragraph 2 of Section 9510, General Code, it could at once withdraw it, in other words, that the requirement to deposit did not include a requirement to maintain the deposit, and that the mere making of the deposit in 1918 fulfilled its obligation, that would be considered a highly technical quibble, and would be dismissed as hardly worthy of consideration. Moreover, the express provision of Section 667, General Code, which requires that licenses of companies of this kind expire yearly, would negative such a conclusion. Under Section 667 the deposit required by paragraph 2 of General Code Section 9510 must be considered as being required to be made not once, but yearly. Hence the newly enacted statutes (Sections 9510-7 to 9510-10, inclusive) apply to companies which hereafter may make such deposits and to companies now maintaining such deposits made in the state of Ohio prior to the enactment of March 22, 1923.
 

 It would have been simple for the Legislature as a matter of phrasing to have confined the scope of this act of March 22, 1923, to companies making deposits thereafter. We express no opinion upon
 
 *420
 
 the constitutionality of such an enactment, from the standpoint of discrimination, but, from the standpoint of legislation, such classification could have been expressly made. In the motor transportation act (General Code, Section 614-87) such an express distinction was made between the operators operating motorbusses in good faith upon April 28, 1923, and all beginning their operations thereafter. This general phrase, “required to deposit” (paragraph 2 of Section 9510), however, does not contain such an express limitation, nor can we read it into the phrase by necessary implication. In fact, the entire act shows that it was the intention of the General Assembly not to limit the application of the new Sections 9510-7 to 9510-10 to companies thereafter applying for admission, and we hold that they are equally applicable to companies doing business in the state lawfully at the time of their enactment, and to those hereafter admitted.
 

 The last section of the enactment of 1923 (Section 9510-10) authorizes the withdrawal of the deposit by the company, and makes it obligatory upon the superintendent of insurance, when satisfied, as therein provided, that the obligations and liabilities which the deposit was made to secure have been paid or extinguished, to permit such withdrawal. The superintendent of insurance finds in his report that these jurisdictional requirements exist, and hence the demurrer must be overruled, and the writ must be allowed.
 

 Demurrer overruled and writ allowed.
 

 Marshall, G. J., Day, Jones and Matthias, JJ., concur.