By the Court.
 

 Although several questions are presented by the briefs, it is necessary for this court to consider but the first.
 

 Under the circumstances did the consolidation of The United Banking
 
 &
 
 Trust Company with the Central National Bank under a new name so completely destroy the identity of the first as to prevent the enforcement of its guaranty by the newly named plaintiff? There are three reasons why this question must be answered in the negative.
 

 In the first place the consolidation agreement itself expressly covers this point by providing that “all the rights, franchises and interests of United Bank at the effective date of the consolidation in and to every species of property, real, personal and mixed, and choses' in action belonging thereto * * * shall be deemed to be transferred to and vested in Central United National Bank, into which it is consolidated, without any deed or other transfer, and Central United National Bank shall hold and enjoy the same and all rights of property, franchises and interests * # * in the same manner and to the same extent as was held and enjoyed by United Bank at the effective date of consolidation
 
 * * *.”
 
 If the word “all” means what it says then surely the right to enforce this guaranty is included. Otherwise the plaintiff could hardly be said to “hold and enjoy * * * all rights * * * in the same manner and to the same extent as was held and en
 
 *41
 
 joyed by United Bank.” The consolidation agreement leaves nothing to inference in the matter of the identity of the rights of the consolidating institutions. The intention is clear.
 

 Secondly, the federal statute, Title 12, Section 34a, U. S. Code (44 Stats, at L., 1225), is equally clear and unambiguous. The language then read in part as follows:
 

 “* * * all the rights, franchises, and interests of such state * * ® bank so consolidated with a national banking association in and to every species of property * * # and choses in action thereto belonging, shall be deemed to be transferred to and vested in such national banking association into which it is consolidated * * * and the said consolidated national banking association shall hold and enjoy the same and all rights of property, franchises, and interests including the right of succession as trustee, executor, or in any other fiduciary capacity in the same manner and to the same extent as was held-and enjoyed by such state *
 
 *
 
 * bank so consolidated with such national banking association * *
 

 The defendants concede the force of these provisions but insist that they are in conflict with the Ohio statutes and therefore cannot be effective in the instant case. The defendants refer to Section 710-87, General Code, which contains' the following language:
 

 “In case of either transfer or consolidation, the rights of creditors shall be preserved unimpaired and the respective companies deemed to be in existence, to preserve such rights.”
 

 The defendants apply the familiar rule of
 
 eospressio unius est exclusio .alterius,
 
 and insist that, except for these expressed statutory rights of creditors, the identity of a consolidated state bank is by implication completely destroyed. However, Section 710-88, General Code (109 Ohio Laws, 56), then broadly provided that one bank may consolidate with “another bank.”
 
 *42
 
 There is no apparent legislative intent to limit consolidations to state hanks exclusively. Then too, this section provides that “in case of consolidation, * * * the banks, parties thereto, shall be held to be one company possessed of the rights, privileges, powers and franchises of the several companies,” and that “all and singular the property and rights of every kind of the several companies * * * shall thereby be transferred to and vested in such new company, and be as fully its property as they were of the companies parties to such agreement.” There is nothing in this language to sustain the contention of the defendants.
 

 The defendants further rely upon the fact that about two years after the consolidation in the instant case the Legislature amended Section 710-88, General Code, to provide expressly that “such consolidated company or transferee bank shall be deemed to be a continuation of the entity and of the identity of each of the constituent or transferring banks.” The defendants insist upon the implication that the 'Legislature thereby manifested the intention to change the existing law. The difficulty with this contention is that there is nothing in this language or in the context to so indicate. Legislatures frequently reduce existing general rules of law to statutory form.
 

 In the third place the defendants rely upon the decision of this court in the case of
 
 Black
 
 v.
 
 Albery,
 
 89 Ohio St., 240, 106 N. E., 38. However, it is important to note the distinguishing facts. The indebtedness guaranteed was that of a prospective customer of a partnership consisting of three individuals, but before the acceptance or the time for performance of the guaranty and before the credit was actually extended one of the three partners sold his interest to the remaining two. Consequently the original partnership entity had been dissolved before the indebtedness arose. In the instant case the same
 
 indebtedness
 
 existed both before and after the consolidation. Further
 
 *43
 
 more in the cited case the surety was a stranger, while in the instant case the contract of guaranty recites that the guarantors are' the principal stockholders of the debtor corporation and will be benefited by the extension of credit.
 

 The judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias,-JJ., concur.
 

 Hart, J., not participating.