Taft, J.
Although statutory provisions for deposits such as the $53,000 in deposits made by the indemnity company with *112 respondent superintendent are common, there are few helpful precedents with respect to the problem as to when and how companies making such deposits or their successors may get them back. See 23 American Jurisprudence 309, Section 331, 50 American Jurisprudence, 1110, Section 316, 29 American Jurisprudence, 473, Section 57, and annotation 116 A. L. R., 965.
In the petition, relator alleges that the merger of the indemnity company and the other insurance company with relator was made pursuant to a merger agreement which is made a part of the petition. In its amended answer, respondent “admits that relator is the resulting corporation of” that merger “as alleged,” and therefore in effect admits the alleged terms of that merger agreement.
That agreement reads, so far as pertinent:
“* * # The resulting corporation * * * of Connecticut * * * shall be a continuation of the corporate existence of * * * [relator]; and the separate corporate existence of * * * indemnity company and the * * * insurance company * * * shall cease to exist except as herein specifically provided.
“* * * Upon this # * * merger becoming effective all the property * * * and all the debts due the constituent corporations * * * shall be * * * vested in the resulting corporation # * *; and all rights of creditors and policyholders and liens upon the property of any of said constituent corporations shall be preserved unimpaired and the constituent corporations shall continue in existence so far as may be necessary to preserve the same; and all debts and liabilities and duties of any of such constituent corporations shall thenceforth be attached to the resulting corporation, and may be enforced against it to the same extent as if incurred or contracted by it. No action or proceeding pending at the time of the merger * * *, to which any * # # of the * * # constituent corporations may be a party, shall be abated or discontinued * # # but the same may be prosecuted * # # as if the merger had not taken place, or the resulting corporation may be substituted in place of the constituent corporation as a party * * *. ”
It is obvious that, if full effect can be given to the foregoing agreement, then, when the merger became effective, all the property of the indemnity company passed to relator subject to *113 any rights and liens against it (the continued existence of the indemnity company was obviously not necessary to preserve any rights or liens against the $53,000 deposit involved in the instant case), all liabilities of the indemnity company became liabilities of relator as if incurred by relator, and, since the indemnity company ceased to exist as a separate legal entity, those liabilities (which were not the subject of pending actions or proceedings ) necessarily ceased to be liabilities of any legal entity other than the relator as'the resulting corporation of the merger.
What if any effect can be given to the foregoing merger agreement will necessarily be dependent upon the law of the state of relator (Connecticut) and perhaps also upon the law of the state of the indemnity company and of the other insurance company (New York).
However, our problem, in determining what effect can be given to that merger agreement, is considerably simplified by the fact that it has not even' been suggested, either in the pleadings or by argument, that we should take judicial notice or even consider the law of any other state. See Sections 2317.08, 2317.09, 2317.44 and 2317.45, Revised Code. It follows that, “in the absence of pleading and proof to the contrary, the presumption obtains that the law” of Ohio “is the same as the law” of any other state whose law might be pertinent to a consideration of what effect can be given to the merger agreement. Mendelson v. Mendelson, 123 Ohio St., 11, 173 N. E., 615.
Where there is a merger such as provided for by the merger agreement in the instant case, Sections 1701.78 to 1701.83, Revised Code,[2] quite clearly contemplate the effectiveness of such *114 merger agreement in transferring to relator all property of the indemnity company (including its interest in the $53,000 deposit), and in making all obligations and liabilities of the indemnity company obligations and liabilities of relator and in extinguishing their existence as obligations and liabilities of the indemnity' company as a legal entity separate from the relator. See State v. National Power & Light Co. (1954), 16 N. J., 486, 109 A. (2d), 607.
Generally, where there is an assumption by one legal entity of the liability or obligation of another legal entity, such assumption will not represent a payment or an extinguishment of such liability or obligation. However, the extent of the liability or obligation of a corporation may be dependent upon and measured by the law which establishes its existence as a legal entity. Thus, that law may authorize the substitution, for the liability and obligation of a corporation that it has created as a corporate entity, of the liability of another solvent legal entity into which it lawfully merged. See State v. National Power Light Co., supra (16 N. J., 486). Cf. Central United Bank v. Abbott, 135 Ohio St., 37, 18 N. E. (2d), 981.
Certainly, a creditor who voluntarily deals with such a corporation in the light of constitutional provisions such as those found in Section 2 of Article XIII of the Ohio Constitution (“corporations may be formed under general laws; but all such laws may, from time to time, be altered or repealed”) is in no *115 position to complain where the law which created that corporation provides that (on the happening of certain events and without interfering with any pending legal proceedings) such corporation’s obligations and liabilities shall cease to be the obligations and liabilities of such corporation and instead shall become the obligations and liabilities of a solvent legal entity into which said corporation merges. See Wildermuth v. Lorain Coal & Dock Co., 138 Ohio St., 1, 32 N. E. (2d), 413, Belden v. Union Central Life Ins. Co., 143 Ohio St., 329, 55 N. E. (2d), 629, and Opdyke v. Security Savings & Loan Co., 157 Ohio St., 121, 105 N. E. (2d), 9.
Thus, after the merger, any obligations and liabilities secured by the $53,000 deposits made with the respondent superintendent by the indemnity company, which were not the subject of pending legal proceedings (none apparently were), were no longer obligations and liabilities of the indemnity company as a legal entity separate from relator but were obligations and liabilities of relator, although still secured by those $53,000 of deposits; and those deposits belong to relator, subject to any claims or liens against such deposits in favor of those to whom the indemnity company had been before the merger and to whom relator was thereafter obligated or liable.
By its answer, respondent apparently admits that, to use the words of Section 3929.07, Eevised Code,[3] he “is satisfied by the. *116 certificate of” the superintendent of insurance of Connecticut that relator has made “a deposit of” $415,000 “in securities in which” relator “may invest its assets by the laws of the state” of its incorporation “with the superintendent of insurance” of Connecticut “for the benefit and security of all its policyholders.” Under the words of that statute, respondent “shall accept such certificate in lieu of the deposit required of such company by divisions (B) * * * of Section 3929.01 of the Revised Code, and such company need not then maintain the deposit provided for in said divisions.”
Those statutory words indicate that the certificate “shall” be accepted in place of (“in lieu of”) the $53,000 deposit and that relator “need not then maintain” that $53,000 deposit. It follows that respondent has no right against relator to retain, and therefore has a corresponding duty to deliver to relator, that $53,000 deposit which belongs to relator. See State, ex rel. Continental Casualty Co., v. Safford, Supt. of Ins., 117 Ohio St., 412, 160 N. E., 239.
State, ex rel. Van Schaick, Liquidator, v. Bowen, Supt. of Ins., 131 Ohio St., 310, 2 N. E. (2d), 824, is clearly distinguishable from the instant case because, in that case, the facts disclosed that the action in mandamus was instituted by the liquidator of the insurance company seeking return of a statutory deposit after an adjudication that such company was insolvent. Although some of the statements of the syllabus in that case may tend to support the contentions of respondent, those statements must be considered in the light of those facts.
In view of what we have said, it is not necessary to consider whether relator would also be entitled to return of the $53,000 deposit by reason of the provisions of either Section 3905.25 or 392.9.09, Revised Code (formerly Sections 656 and 9510-10, General Code), requiring respondent to return them when “satisfied * * * that all liabilities and obligations” secured thereby “have been paid” and/or “extinguished.” See also Section 3903.38, Revised Code (formerly Section 641, General Code).
It follows that relator’s demurrer to the amended answer must be sustained; and, the parties having agreed that the *117 ruling- on that demurrer will be dispositive of the cause, the writ prayed for is allowed.

Writ allowed.

Matthias, Bell, Herbert and Peck, JJ., concur.
Weygandt, C. J., and Zimmerman, J., dissent.

So far as pertinent, Section 1701.78, Revised Code, reads:
“* * * Any two or more corporations may merge into a single corporation which shall be one of the constituent corporations * *
So far as pertinent, Section 1701.81, Revised Code, reads:
“.(A) When such merger * * * becomes effective:
“* * * ipjjg separate existence of all the constituent corporations, except the surviving * * * corporation, shall cease, except [for the limited purpose of making necessary transfers] * * *
“* * * The constituent corporations shall become a single corporation which, in the case of a merger, shall be that one of the constituent corporations designated in the agreement of merger as the surviving corporation * * *
*114 “* * * all property of every description * * * belonging to each of the constituent corporations, shall thereafter be * * * vested in the surviving * * * corporation without further act or deed * * *.
“* * * The surviving * * * corporation shall thenceforth be liable for all the obligations of each of the constituent corporations * * *; and any claim existing or action or proceeding pending by or against any of the constituent corporations may be prosecuted to judgment, * * * as if such merger * * * had not taken place, or the surviving * * * corporation may be substituted in its place;
“® * * All the rights of creditors of each constituent corporation shall be preserved unimpaired, and all liens upon the property of any of the constituent corporations shall be preserved unimpaired, limited in lien to the property affected by such liens immediately prior to the effective date of the merger or consolidation * * (Emphasis added.)

 So far as pertinent, Section 3929.07, Revised Code (formerly Section 9510-7, General Code), reads:
“An insurance company which is required by divisions (B) * * * of Section 3929.01 of the Revised Code to deposit $50,000 of bonds with the Superintendent of Insurance may, in lieu of such deposit, make a deposit of $100,000, in securities in which the company may invest its assets by the laws of the state in which it is incorporated, with the superintendent of insurance or other officer of another state, designated or permitted by the laws of such state to receive such deposit, for the benefit and security of all its policyholders. When the Superintendent of Insurance of this state is satisfied by the certificate of such superintendent of insurance or other officer of such other state that such a deposit has been made, he shall accept such certificate in lieu of the deposit required of such company by divisions (B) * * * of Section 3929.01 * * * and such company need not then maintain the deposit provided for in said divisions.”